USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

JONATHAN ROPER,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

S3 16 Cr. 542 (KMW)

        WHEREAS, on or about August 18, 2017, JONATHAN ROPER (the "Defendant") was charged in a five-count Superseding Information, S3 16 Cr. 542 (KMW) (the "Information"), with conspiracy to violate the Anti-Kickback Statute, in violation of Title 18, United States Code, Section 371 (Count One); violation of the Anti-Kickback Statute, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(B), and Title 18, United States Code, Section 2 (Count Two); violation of the Health Information Portability and Accountability Act, in violation of Title 42, United States Code, Sections 1320d-6(a)(2) and (b)(1) (Count Three); conspiracy to commit honest services wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Four); and aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(5) and 2 (Count Five);

        WHEREAS, the Information included a forfeiture allegation as to Counts One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), of any and all property, real and personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, the Information included a second forfeiture allegation as to Count Four of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Four of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Four of the Information;

WHEREAS, on or about August 18, 2017, the Defendant pled guilty to Counts One through Five of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One, Two, and Four of the Information and agreed to forfeiture to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7) and Title 28, United States Code, Section 2461(c), including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One, Two, and Four of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,150,000 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One, Two, and Four of the Information that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Two, and Four of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, David Abramowicz, of counsel, and the Defendant, and his counsel, Joseph Ferrante, Esq., that:

1. As a result of the offenses charged in Counts One, Two, and Four of the Information, to which the Defendant pled guilty, a money judgment in the amount of $1,150,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One, Two, and Four of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant JONATHAN ROPER, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____                 2/23/22
David Abramowicz                                 DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-6525


JONATHAN ROPER

By: _____                 2/23/22
JONATHAN ROPER                                   DATE


By: _____                 2/23/22
Joseph Ferrante, Esq.                            DATE
Attorney for Defendant
1393 Veterans Memorial Hwy.
Suite 101 South
Hauppauge, New York 10788


SO ORDERED:


_____                      2-23-22
HONORABLE KIMBA M. WOOD                          DATE
UNITED STATES DISTRICT JUDGE